**J. T. FISH & COMPANY, Plaintiff-Appellant, v. STATES COAL COMPANY, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5014.   Decided February 19, 1954.

Brownfield, Ford & Douglas, Lyman H. Brownfield and O. Wayne Douglas, of Counsel, Columbus, for plaintiff-appellant.

H. C. Allread, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This cause comes into this Court on questions of law from a judgment of the Common Pleas Court affirming that of the Municipal Court of the City of Columbus, Ohio, in favor of the defendant-appellee. The case was tried to the Court without the intervention of a jury. For convenience the parties will be referred to as they appeared in the trial court.

The petition sets forth the cause of action on an account for the purchase price of a coal mining machine. The answer of the defendant is a general denial. It is to be noted that the petition is in the short form which is permitted by §11334 GC. A general denial filed to such a pleading puts in issue all the facts which it would be necesary to aver were the action brought on the long form petition specifically stating all the facts necessary

to constitute the cause of action. **Dykeman v. Johnson, 83 Oh St 126.** From the evidence presented at the trial two issues arose, (1) whether the defendant was acting as agent or as principal; (2) whether the machine purchased was reconditioned as agreed by the plaintiff. The record discloses that the plaintiff was engaged in the business of selling coal mining machinery, that the defendant is the sales agent for the Orchard Coal Company, a mining operator; that an agent of the defendant and two representatives of the Orchard Coal Company called on the plaintiff; that a machine was purchased but the identity of the purchaser is in dispute. The defendant claims that the purchase was made by the agent of the Orchard Coal Company, while the plaintiff contends that it was made by the agent of the defendant company. Who was the purchaser became a factual question for the determination of the Court. The trial court admitted into evidence the sales agreement between the defendant and the Orchard Coal Company, which defined the authority of the defendant, and the admission of which is claimed to be error by the plaintiff. The plaintiff urges that the defendant's agent never disclosed that he was acting as agent for the coal company; hence, it could not be bound by any agreement defining the agent's scope of employment. However, our examination of the record reveals that if credence is given to the testimony of the defendant's witnesses, an agency was disclosed to the plaintiff. Under such a state of facts the agreement was clearly admissible and the Court did not err in its admission.

The other errors assigned all relate to correspondence betweeen the plaintiff and the Coal Company which, if not admissible, clearly was not prejudicial as it is merely repetitious of the testimony of the various witnesses.

We find no errors assigned which relate to the issue as to whether the machine was delivered in the condition as warranted by plaintiff. Considerable evidence is offered by the defendant to the effect that the machine was not reconditioned as the plaintiff warranted it would be. If this fact were established, title to the machine was never vested in the defendant. This sale was consummated in the State of West Virginia and the laws of that state must be applied. It is said in Michie's Jurisprudence of Virginia and West Virginia (1951) Volume 16, page 242:

"Section 52. Where by the agreement the vendor is to do anything to the goods for the purpose of putting them into that state in which the purchaser is bound to accept them—or, as it is sometimes worded, into a deliverable state—the performance of these things, in the absence of circumstances indicating a contrary intention, is to be taken as a condition precedent to the vesting of the property."

The Court, therefore, was clearly justified in finding for the defendant on this issue. When the issues in a case are such that the finding on either of them in favor of the successful party entitles him to a judgment, the judgment will not be reversed for an error relating exclusively to one of the issues. **Sites v. Haverstick, 23 Oh St 626.** Therefore, even if the Court erred in considering the issue as to the agency of the defendant, which we do not concede, still the judgment is a correct one.

Finding no error in the record, the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.